# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERRICK HOWARD and**
**CHRISTOPHER ALLEN FROST,**

  **Plaintiffs,**

  v.             Case No. 14-CV-237

**BRYAN BARTOW, MARY KLEMZ,**
**BRIAN BANTLEON, THOMAS MICHOLOWSKI,**
**DR. MICHELE ANDRADE, LOYDA LORIA,**
**CARLOS GAANAN, ROBIN MEIKELJOHN,**
**and DR. SHEKAR,**

  **Defendants.**

## SCREENING ORDER

The plaintiffs, Derrick Howard and Christopher Allen Frost, who are incarcerated at the Wisconsin Resource Center, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. They have paid the full filing fee.

Regardless of plaintiffs' fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court

may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual

2

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiffs' pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiffs allege that defendants denied them medically necessary athletic shoes for their chronic foot pain resulting in pain and suffering. They seek monetary damages and injunctive relief. These allegations state an Eighth Amendment medical care claim. See Norfleet v. Webster, 439 F.3d 392, 395 (7th Cir. 2006) ("no dispute" that prisoner's arthritic feet which required soft-soled shoes was a "serious medical need"). Therefore, plaintiffs may proceed on their claims under the Eighth Amendment.

## Motion for Appointment of Counsel

Plaintiffs have filed a motion for appointment of counsel. They assert that plaintiff Howard has been diagnosed with mild mental retardation and plaintiff Frost has been diagnosed with borderline retardation. According to plaintiffs, while they have been relying upon the assistance of other prisoners to draft legal documents in this case so far, the other prisoners are not obligated to further assist them, they could be transferred or

3

paroled, and, in any event, cannot represent them in this class action. Plaintiffs also assert that they have no legal training. They further state that they are indigent.

The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

As an initial matter, it is not clear that plaintiffs are indigent because they did not submit petitions for leave to proceed in forma pauperis in this case. Plaintiffs assert that they attempted to obtain legal counsel on their own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Although plaintiffs are proceeding on a medical care claim, it is not a complex one. Rather, at this time plaintiffs' claim relates to defendants' refusal to permit them to order medically necessary athletic shoes. Moreover, the plaintiffs' filings indicate that they are capable of litigating this case themselves. Although plaintiffs assert that they received assistance and there is no guarantee of future assistance, they do not assert that the assistance has been withdrawn.

4

Finally, this case is not a class action. Accordingly, the plaintiffs' request for appointment of counsel is denied.

Request for Class Certification

Plaintiffs have filed a motion to certify this case as a class action. However, the plaintiffs do not allege that they satisfy the requirements of Federal Rule of Civil Procedure 23(a) or allege facts that would satisfy the requirements. Under Rule 23(a), a plaintiff can sue as a representative of or on behalf of parties only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Because plaintiffs have not satisfied the requirement of Rule 23(a), they can only bring the claims in their individual capacities and not on behalf of a class.

**ORDER**

**IT IS THEREFORE ORDERED** that plaintiffs may proceed on an Eighth Amendment deliberate indifference to a serious medical need claim as set forth herein.

**IT IS FURTHER ORDERED** that plaintiffs' motion to appoint counsel (Docket # 4) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to certify class (Docket # 5) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiffs' complaint

and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmates are confined

**IT IS FURTHER ORDERED** that plaintiffs shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiffs need not mail copies to defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiffs should also retain a personal copy of each document filed with the court.

Plaintiffs are further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 14th day of May, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge