# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

DERRICK HOWARD and
CHRISTOPHER ALLEN FROST,

      **Plaintiffs,**

      **v.**                          **Case No. 14-CV-237**

BRYAN BARTOW, MARY KLEMZ,
BRIAN BANTLEON, THOMAS MICHLOWSKI,
DR. MICHELE ANDRADE, LOYDA LORIA,
CARLOS GAANAN, DR. CHANDRA SHEKAR,
and ROBIN MEIKLEJOHN,

      **Defendants.**

---

## DECISION AND ORDER

Plaintiffs have filed a motion for reconsideration of the court's May 15, 2014, Screening Order to the extent that it denied their motions to appoint counsel and certify a class action. Federal Rule of Civil Procedure 54(b) provides in relevant part that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant

change in the facts since the submission of the issue to the court.  Bank of Waunakee v. Rochester Cheese Sales Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.  Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996).  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."  Id. at 1270.

In this case, plaintiffs are proceeding on an Eighth Amendment claim that defendants denied them medically necessary athletic shoes for their chronic foot pain. They allege that they are not permitted to order the necessary shoes from specific catalogs but that other inmates at the Wisconsin Resource Center (WRC) sometimes are.  The complaint seeks monetary damages for the two named plaintiffs and a permanent injunction for class members who have a medical diagnosis or other justified special needs/restriction to obtain special order shoes from an unapproved catalog vender.

In their motion for reconsideration, plaintiffs contend that they have satisfied the elements of Federal Rule of Civil Procedure 23(a) to warrant certification of a class action. They also contend that I should recruit counsel to represent the class action because, as pro se prisoners and representative parties, they may not fairly and adequately protect the interests of the class under Rule 23(a)(4).  Additionally, plaintiffs assert that they suffer from mental illnesses and "mild and borderline retardation."  (Mot. for Recon. at 4.)

With regard to the class certification, plaintiffs assert that at least 36 WRC inmates are a part of the class and that, because inmates come and go from the WRC, it is a fluid class.  However, there is no indication in the complaint as to how many WRC inmates

2

suffer from medically diagnosed chronic foot pain (or whether any inmates do, for that matter), medically require athletic shoes from an unapproved vendor, and who did not receive such shoes. In addition, plaintiffs may not represent the class because they are proceeding pro se and, as set forth below, I will not recruit counsel for plaintiffs at this time. Based on the foregoing, plaintiffs may not proceed on a class action.

In support of their motion for reconsideration of the court's decision to deny their request for pro bono counsel, plaintiffs contend that have mental illnesses and suffer from mild and borderline retardation. However, I reiterate my previous reasoning that this case is not complex but rather is straightforward: plaintiffs allege that defendants refused to order medically necessary athletic shoes for their chronic foot pain. Despite their mental challenges, plaintiffs have demonstrated an ability to set forth arguments and advocate for themselves. I note that while plaintiffs were confined at the WRC when they filed this lawsuit, they have since been transferred to Wisconsin Department of Corrections institutions. I also note that while plaintiffs previously stated that another inmate was assisting them with their filings, it appears that they are now preparing their own filings, which are of a high quality compared with other inmates. Finally, as stated previously, it is not clear that plaintiffs are indigent because they did not submit petitions for leave to proceed in forma pauperis in this case. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

In sum, plaintiffs have not shown that the court's May 14, 2014, Decision and Order contained a manifest error of law. Therefore, plaintiffs' motion for reconsideration will be denied.

**THEREFORE, IT IS ORDERED** that plaintiffs' motion for reconsideration (Docket # 11) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2014.

s/ Lynn Adelman

LYNN ADELMAN
District Judge