# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERRICK HOWARD and**
**CHRISTOPHER ALLEN FROST,**

    **Plaintiffs,**

    v.                                                      **Case No. 14-CV-237**

**BYRAN BARTOW, MARY KLEMZ,**
**BRIAN BANTLEON, THOMAS MICHLOWSKI,**
**DR. MICHELE ANDRADE, LOYDA LORIA,**
**CARLOS GAANAN, DR. CHANDRA SHEKAR,**
**and ROBIN MEIKLEJOHN,**

    **Defendants.**

## **DECISION AND ORDER**

On August 26, 2014, plaintiff Frost filed a motion to compel discovery regarding production of document requests he served on defendants on July 29, 2014. Defendants oppose the motion because, first, it does not contain a certification that plaintiffs conferred with them before filing it. See Civil L.R. 37(a) (E.D. Wis.). Second, they assert that the motion is premature because it was served on defendants on July 29, 2014, and they had until September 2, 2014, to respond. Third, counsel for defendants avers that he already provided plaintiff with the discovery sought. (Affidavit of Robert B. Bresette ¶ 3.) I will deny plaintiff's motion to compel based on the three reasons offered by defendants.

On September 3, 2014, plaintiff Frost filed a motion for physical examination of plaintiffs pursuant to Federal Rule of Civil Procedure 35. He seeks examination by a leading podiatrist at the University of Wisconsin - Madison. Plaintiff Frost further requests that the examining doctor provide to the court a detailed report of the examination and

recommendation for treatment of plaintiffs' foot conditions. Defendants oppose the motion asserting that it is not authorized by Rule 35 and because the rule is not properly used to obtain medical care or to complain about alleged deliberate indifference to a prisoner's medical needs.

> Rule 35(a) of the Federal Rules of Civil Procedure provides:
>
> (a) Order for an Examination.
> (1) In General. The court where the action is pending may order a party whose mental or physical condition – including blood group – is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
> (2) Motion and Notice; Contents of the Order. The order:
> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

To obtain a Rule 35 examination, a party seeking such examination must show that each condition for which the examination is sought is "genuinely in controversy" and that "good cause exists for ordering the examination." Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964); see also Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) (Rule 35 motion is not properly used to obtain medical care or to complain of deliberate indifference to a prisoner's serious medical needs). Such showings are not met by mere conclusory allegations of the pleadings or by mere relevance to the case. Schlagenhauf, 379 U.S. at 118-19. Rather, an affirmative showing by the movant of the factors specified by Rule 35 is required. Id. "Mental and physical examinations are only to be ordered upon a discriminating application . . . of the limitation prescribed by the Rule." Id. at 121.

2

Plaintiff Frost has failed to make the requisite showing that "each condition for which the examination is sought is genuinely in controversy" and that there is good cause for such examinations. See Schlagenhauf, 379 U.S. at 118-19. Moreover, a medical examination is not necessary at this stage of the litigation. Accordingly, his motion for a Rule 35 exam will be denied.

On September 9, 2014, plaintiffs filed a motion to appoint counsel and on September 15, 2014, plaintiff Frost filed a motion to appoint counsel. These motions contain similar arguments. Plaintiffs contend that they are unable to afford counsel and that they have tried unsuccessfully to find an attorney on their own. They further contend that their imprisonment greatly limits their ability to litigate, that the issues involved in this case require significant research and investigation, and that they have limited knowledge of the law. Plaintiffs also assert they will need a lawyer at trial.

The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Here, although plaintiffs' claim is medical in nature, it is discrete and straightforward in that it involves the alleged denial of medically necessary athletic shoes for chronic foot pain. Plaintiffs have shown that they are competent to investigate the case - they are conducting discovery and otherwise advocating for themselves by filing motions. Their filings demonstrate an understanding of these proceedings and the issues involved in their claim. Based on the nature of plaintiffs' claim and their demonstrated ability, I will deny their request for counsel at this time.

Plaintiff Frost has filed a motion for injunctive relief. He seeks an order directing the Wisconsin Department of Corrections (DOC) to stop retaliating against him. According to Frost, officials have retaliated against him by repeatedly transferring him from institution to institution. Frost further asserts that he was recently placed in segregation because he attempted to mail his summary judgment motion to the court.[1] He requests to be transferred to the Wisconsin Resource Center for protection from staff retaliation and for treatment of his mental health needs.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam)). A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit. Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (citing De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945)); see also Omega World Travel v. TWA, 111 F.3d

---

[1] Plaintiff Frost's summary judgment motion was filed October 27, 2014.

14, 16 (4th Cir. 1997); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citing Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)); Alston v. City of Madison, 2014 U.S. Dist. LEXIS 106317, 2 (W.D. Wis. Aug. 4, 2014) ("[T]he general rule is that a plaintiff may not obtain injunctive relief on issues that do not relate to the claims asserted in the complaint.").

In the complaint, as noted above, Frost claims that defendants denied him medically necessary athletic shoes for his chronic foot pain. His complaint does not present any claim related to allegedly unlawful transfers, mail interference, or mental health care.

Because the complaint does not seek relief for such claims, there is no scenario whereby the court, in entering judgment following a resolution of the merits of Frost's complaint, would include in that judgment a provision barring defendants, and most certainly not some person or entity that is not a party to this action, from the activities alleged in his motion. Consequently, this court may not grant Frost the injunctive relief he seeks. The causal connection that Frost alleges, i.e. that the alleged mail tampering and transfer are the result of his litigating the present lawsuit, is an insufficient connection to permit the court to consider granting relief in this matter as it presently stands. See Atakpu v. Lawson, 2006 U.S. Dist. LEXIS 99983 (S.D. Ohio July 19, 2006) (recommending denial of plaintiff inmate's motion for a temporary injunction regarding alleged retaliatory harassment from prison personnel resulting from plaintiff having brought suit against prison personnel because alleged harassment was unrelated to the denial of medical care claims contained in the complaint), rec. adopted, 2006 U.S. Dist. LEXIS 85898 (S.D. Ohio Nov.

28, 2006); Shaka v. Ryan, 2014 U.S. Dist. LEXIS 140899, 3-4 (D. Ariz. Oct. 3, 2014) (denying inmate's request for temporary injunction because request for typewriter to prepare legal papers was unrelated to underlying medical claim); Curreri v. Babue, 2011 U.S. Dist. LEXIS 44917, 7-8 (D. Ariz. Apr. 19, 2011) (denying plaintiff inmate's request for a temporary injunction barring jail personnel from searching, outside of the inmate's presence, the inmate's legal material related to his claim he was denied medical treatment). Therefore, Frost's motion for a preliminary injunction must be denied.

Lastly, plaintiffs are advised that Federal Rule of Civil Procedure 11(a) requires that any pleading, written motion, or other paper filed on behalf of an unrepresented party must be signed by that party and that one pro se plaintiff cannot sign on behalf of other pro se plaintiffs. See 28 U.S.C. § 1654; see also Abdul-Wadood v. DeBruyn, 1996 WL 359890, *1 (7th Cir. 1996); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986). In other words, both plaintiffs must sign every court filing and plaintiff Frost may not sign documents on behalf of plaintiff Howard. Plaintiff Frost's motion for summary judgment is filed on his own behalf only. If plaintiffs want the summary judgment motion to be on behalf of both Frost and Howard, then they must resubmit the motion signed by both plaintiffs.

**THEREFORE, IT IS ORDERED** that plaintiffs' motion to compel discovery (Docket # 22) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for physical examination (Docket # 23) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to appoint counsel (Docket # 25) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to appoint counsel (Docket # 31) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for injunction (Docket # 34) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge